UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| MARSHALL PACKAGING COMPANY, LLC | § § | |
| Plaintiff, | § § | CIVIL ACTION NO. |
| v. | § § | |
| CONSTAR INTERNATIONAL, INC., NIAGARA DRINKING WATERS, INC., NIAGARA BOTTLING LLC, and ICELAND SPRING NORTH AMERICA, INC. | § § § § § § | JURY TRIAL |
| Defendants. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Marshall Packaging Company, LLC ("Marshall Packaging"), by and through its undersigned counsel, files this Original Complaint against Constar International, Inc., Iceland Spring North America, Inc., Niagara Drinking Waters, Inc., and Niagara Bottling LLC, (collectively "Defendants") as follows:

## NATURE OF THE ACTION

1. This is a patent infringement action to stop each Defendant's infringement of Marshall Packaging's U.S. Patent No. RE 38,770 (the "'770 Patent"), entitled "Collapsible Container." Marshall Packaging is the assignee of the '770 Patent. Marshall Packaging seeks injunctive relief and monetary damages.

## PARTIES

2. Plaintiff Marshall Packaging Company, LLC is a limited liability company organized and existing under the laws of the State of Texas. Marshall Packaging maintains its principal place of business at 505 E. Travis St., Suite 207, Marshall, Texas 75670. Marshall Packaging is the assignee of all rights, title, and interest in and to the '770 Patent and possesses all rights and recovery under the '770 Patent, including the right to sue for infringement and recover past damages.

3. Defendant Constar International, Inc. ("Constar") is a corporation organized and existing under the laws of Delaware, with its principal place of business located at 1 Crown Way, Philadelphia, Pennsylvania 19154. Constar may be served via its registered agent for service of process, CT Corporation System, 350 N. St. Paul, Dallas, Texas 75201.

4. Defendant Niagara Drinking Waters, Inc. ("Niagara Waters") is a corporation organized and existing under the laws of the State of California, with its principle place of business located at either, 2560 E Philadelphia Ave., Ontario, CA 91761 or 5675 Concours, Ontario, CA 91764-5395. Niagara Waters may be served via its registered agent for service of process, Brian Hess, 5675 Concours, Ontario, CA 91764-5395.

5. Defendant Niagara Bottling LLC ("Niagara Bottling") is a Limited Liability Company organized and existing under the laws of the State of California, with its principle place of business located at either, 2560 E Philadelphia Ave., Ontario, CA 91761 or 5675 Concours, Ontario, CA 91764-5395. Niagara Bottling may be served via its registered agent for service of process, CT Corporation System, 350 N. St. Paul, Dallas, Texas 75201.

6. Defendant Iceland Spring North America, Inc. ("Iceland Spring") is a Corporation organized and existing under the laws of the State of Delaware, with its principle place of

business located at either, 1258 Bedford St., Stamford, CT 06905 or 60 Dutch Hill Rd. 5A, Orangeburg, NY 10962. Iceland Spring North America may be served via its registered agent for service of process, The Corporation Trust Company, Corporation Trust Center, 1209 Orange St., Wilmington, DE 19801.

## JURISDICTION AND VENUE

7. This action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, including 35 U.S.C. § 271. This Court has subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

8. The Court has personal jurisdiction over each Defendant. Each Defendant has conducted and does conduct business within the State of Texas. Each Defendant, directly and/or through intermediaries (including distributors, retailers, and others), ships, distributes, offers for sale, sells, and/or advertises its products in the United States, the State of Texas, and the Eastern District of Texas. Each Defendant (directly and/or through intermediaries) has purposefully and voluntarily placed one or more of its infringing products, as described below in Count 1, into the stream of commerce with the expectation that they will be purchased by consumers in the Eastern District of Texas. These infringing products have been and continue to be purchased by consumers in the Eastern District of Texas. Each Defendant has committed the tort of patent infringement within the State of Texas, and, more particularly, within the Eastern District of Texas.

9. Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## COUNT I – INFRINGEMENT OF U.S. PATENT RE 38,770

10. Marshall Packaging refers to and incorporates herein the allegations of Paragraphs

1-10 above.

11. United States Patent No. 5,370,250 (the "'250 Patent"), entitled "Collapsible Container" was duly and legally issued by the United States Patent and Trademark Office on December 6, 1994 after a full and fair examination. The '250 Patent was reissued as Re. 36,377 on November 9, 1999 after a full and fair reissue proceeding (the '377 Patent). The '377 Patent was reissued as Re. 38,770 (attached hereto as Exhibit "A") on August 9, 2005 after a full and fair reissue proceeding ("the '770 Patent"). Marshall Packaging is the assignee of all rights, title, and interest in and to the '770 Patent and possesses all rights of recovery under the '770 Patent, including the right to sue for infringement and recover past damages.

12. Constar has infringed and continues to infringe the '770 Patent by making, using, offering to sell, selling (directly or through intermediaries), importing, in this district and elsewhere in the United States, certain collapsible beverage containers that use and embody the patented invention. These collapsible containers are sold under various brand labels including but not limited to "Kroger's." Upon information and belief, Constar's infringing containers are sold under many other brand labels. Upon information and belief, Constar also has contributed to the infringement of the '770 Patent, and/or actively induced others to infringe the '770 Patent, in this district and elsewhere in the United States.

13. Niagara Waters and Niagara Bottling have infringed and continue to infringe the '770 Patent by making, using, offering to sell, selling (directly or through intermediaries), importing, in this district and elsewhere in the United States, certain collapsible beverage containers that use and embody the patented invention. These collapsible containers are sold under various brand labels including but not limited to "Niagara Drinking Water," and "Safeway Refreshe." Upon information and belief, Niagara Waters and Niagara Bottling's infringing

containers are sold under many other brand labels. Upon information and belief, Niagara Waters and Niagara Bottling also have contributed to the infringement of the '770 Patent, and/or actively induced others to infringe the '770 Patent, in this district and elsewhere in the United States.

14.   Iceland Spring has infringed and continues to infringe the '770 Patent by making, using, offering to sell, selling (directly or through intermediaries), importing, in this district and elsewhere in the United States, certain collapsible beverage containers that use and embody the patented invention. These collapsible containers are sold under various brand labels including but not limited to "Iceland Spring," and "Vitamin Shoppe." Upon information and belief, Iceland Spring's infringing containers are sold under many other brand labels. Upon information and belief, Iceland Spring also has contributed to the infringement of the '770 Patent, and/or actively induced others to infringe the '770 Patent, in this district and elsewhere in the United States.

15.   Marshall Packaging is entitled to recover from the Defendants the damages sustained by Marshall Packaging as a result of the Defendants' wrongful acts in an amount subject to proof at trial.

16.   Defendants' infringement of Marshall Packaging's exclusive rights under the '770 Patent will continue to damage Marshall Packaging, causing irreparable harm for which there is no adequate remedy at law, unless it is enjoined by this Court.

## JURY DEMAND

17.   Plaintiff demands a trial by jury on all issues and has paid the required jury fee.

## PRAYER FOR RELIEF

16.   Plaintiff Marshall Packaging Company, LLC respectfully requests this Court to enter judgment in its favor against the Defendants, granting the following relief:

A. An adjudication that the Defendants have infringed and continue to infringe claims of the '770 Patent;

B. An award to Marshall Packaging of damages adequate to compensate Marshall Packaging for the Defendants' acts of infringement together with prejudgment interest;

C. An award of Marshall Packaging's costs of suit and reasonable attorneys' fees pursuant to 35 U.S.C. § 285 due to the exceptional nature of this case, or as otherwise permitted by law;

D. A grant of permanent injunction pursuant to 35 U.S.C. § 283, enjoining the Defendants from further acts of (1) infringement, (2) contributory infringement, and (3) active infringement with respect to the claims of the '770 Patent; and

E. Any further relief that this Court deems just and proper.

Respectfully submitted,

By:    /s/ Donald Puckett

Donald Puckett
Attorney-In-Charge
State Bar No. 24013358
dpuckett@thewarefirm.com
Leslie D. Ware
State Bar No. 00785179
lesware@airmail.net
Mark W. Born
State Bar No. 24034334
mborn@ thewarefirm.com
Eric S. Tautfest
State Bar No. 24028534
etautfest@thewarefirm.com

**THE WARE FIRM**
1701 North Market Street, Suite 330
Dallas, Texas 75202-2088

T. John Ward, Jr.
State Bar No. 00794818
jw@jwfirm.com

**LAW OFFICE OF T. JOHN WARD, JR., P.C.**
111 W. Tyler St.
Longview, Texas 75601
(903) 757-6400
(903) 757-2323 Fax

**ATTORNEYS FOR PLAINTIFF**
**MARSHALL PACKAGING COMPANY, LLC**